**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


RANDY WILLIAMS,               :
                                    Civil Action No. 09-0472 (JBS)
          Petitioner,         :

     v.                       :         O P I N I O N

KAREN BALICKI, et al.,        :

          Respondents.        :
```

**APPEARANCES:**

Randy Williams, Pro Se
#425487-193843C
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302

James F. Smith
Office of the Atlantic County Prosecutor
4997 Unami Boulevard, P.O. Box 2002
Mays Landing, NJ 08330
Attorney for Respondents

**SIMANDLE, District Judge**

Petitioner Randy Williams, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Administrator Karen Balicki and the Attorney General of New Jersey.

For the reasons stated herein, the petition must be dismissed as untimely.

**BACKGROUND**

**A.   Factual Background**

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division ("Appellate Division").[1]

> Defendant was accused of participating in a string of armed robberies of motels in Atlantic County in 1999.  The particular robbery giving rise to these charges occurred at the Days Inn in Pleasantville on September 11, 1999, where a surveillance camera in the motel caught the action on videotape.  The tape showed two men, later identified as Mingo in a knit hat and defendant in a floppy hat and wearing masks, break into the motel, hold a gun on the desk clerk, remove a safe and flee in a green Plymouth sedan.
>
> Using the same modus operandi, on September 19, 1999, Mingo and defendant robbed the Fairfield Inn in Absecon.  This time, however, three hotel guests were tied up along with the desk clerk.  While the co-defendants were struggling with the safe, the desk clerk called police.  When the police arrived, defendant ran out the back door and escaped.  Mingo engaged in a gun fight and was killed.  At the Fairfield Inn, the police found the gun Mingo was using and the two hats which matched those worn by the individuals shown in the videotape of the Days Inn robbery the week before.  Based upon that evidence, the police obtained a search warrant for Mingo's home where they found duct tape, zip-ties, rubber gloves and receipts for various tools used in robberies.  The green Plymouth used in the Fairfield Inn robbery was the same as that identified from the Days Inn robbery.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> The police received an anonymous tip about defendant's involvement in the robberies and detained him for questioning. Defendant initially denied participating in the robberies, claimed that he only knew Mingo in passing and had never been in Mingo's car. After he was released, defendant called the investigator who had questioned him and amended his earlier statement to acknowledge that he and his wife had been in Mingo's car one time for a short ride home. Defendant was subsequently arrested and, after appropriate <u>Miranda</u> warnings, defendant gave a taped statement admitting his involvement in the robberies.

<u>See</u> Respondents' Appendix ("Ra") 106-108 (internal footnote omitted).

**B.   Procedural History**

On March 2, 2000, an Atlantic County Grand Jury returned an indictment charging Petitioner with fourteen counts of violating New Jersey state law: first degree robbery (counts one, seven and eight); third degree criminal restraint (counts two, nine and ten); second degree possession of a handgun with a purpose to use it unlawfully (counts three and thirteen); fourth degree aggravated assault (counts four, eleven and twelve); second degree burglary (count five); second degree conspiracy to commit armed robbery/armed burglary (count six); and second degree conspiracy to commit armed robbery (count fourteen). Petitioner pled not guilty to this indictment, which pertained to an armed robbery at the Dove Motel in Egg Harbor Township on September 10, 1999 (counts one through six), and at the Egg Harbor Days Inn one day later (counts seven through fourteen).

On April 25, 2000, an Atlantic County Grand Jury returned a second indictment against Petitioner, charging him with first degree conspiracy to commit armed robbery (count one); first degree robbery (count two); third degree criminal restraint (count three); second degree possession of a handgun with a purpose to use it unlawfully (count four); and second degree robbery (counts five, six and seven).  Petitioner pled not guilty to this indictment also, which pertained to an armed robbery at the Fairfield Inn in Absecon on September 19, 1999.

Finally, on January 24, 2001, Petitioner was charged with a third indictment by an Atlantic County Grand Jury, charging him with second and third degree witness tampering (counts one and two); and second degree conspiracy to commit witness tampering (count three).

After a <u>Miranda</u> hearing, Petitioner was tried on counts seven through fourteen of the first indictment.  The jury found Petitioner guilty of two counts of armed robbery , two counts of criminal restraint, possession of a weapon, and conspiracy.  The jury acquitted Petitioner of the two counts of aggravated assault.  The jury found that Petitioner had committed first degree robbery and second degree of possession of a weapon with an actual firearm, rendering him eligible for sentencing under the No Early Release Act ("NERA").

Petitioner was sentenced on October 18, 2001.  The aggregate sentence was 36 years incarceration, with the stipulation that Petitioner serve 85% of the sentences prior to parole eligibility.

On October 23, 2001, Petitioner appeared before the judge on the remaining indictments and charges.  Pursuant to a plea agreement, Petitioner entered retraxit pleas of guilty to various counts of the indictments.  In return for the guilty pleas, the State agreed to recommend that Petitioner receive a maximum aggregate sentence of 20 years with an 85% NERA parole disqualifier, and that this sentence run concurrently with the sentences already imposed on October 18, 2001, and that the remaining counts of the indictment be dismissed.  The court accepted the plea and immediately sentenced Petitioner to concurrent 20 year sentences with an 85% parole disqualifier, said sentence to run concurrently to the previously imposed sentence.

Petitioner appealed his conviction and sentences to the Superior Court of New Jersey, Appellate Division ("Appellate Division"), which affirmed on December 15, 2003.  The New Jersey Supreme Court denied Petitioner's petition for certification on May 4, 2004.

Petitioner filed a state court petition for post-conviction relief (PCR) on or about April 24, 2006.  After hearing the

arguments the PCR court denied relief on October 13, 2006.  The Appellate Division affirmed the denial of relief on March 31, 2008.  Petitioner did not seek review by the New Jersey Supreme Court.

This petition, filed on February 2, 2009, followed. Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on April 6, 2009.  An Order to Answer was issued and Respondents filed a response to the petition on September 2, 2009.

Petitioner claims in this petition that trial counsel was ineffective, NERA is unconstitutional, that he was denied a fair trial, and that an evidentiary hearing should have been granted, amongst other claims.

## DISCUSSION

### A. Standard of Review

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because petitioner is a pro se

litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

B.  **Statute of Limitations Analysis**

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F.Supp. 146, 147 (D.N.J. 1996). Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

7

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at

---

[2]  An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

420-24.  Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's post-conviction relief petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

In this case, on May 4, 2004, the New Jersey Supreme Court denied certification of Petitioner's direct appeal, and Petitioner did not seek certiorari with the Supreme Court of the United States.  Therefore, his judgment of conviction became final 90 days after May 4, 2004, or August 3, 2004.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, for purposes of determining when the statute of limitations would run, Petitioner had one year from the date that his conviction became final, August 3, 2004, until August 2, 2005 to file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before August 2, 2005.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Petitioner did not file his state PCR petition until April 24,

9

2006, eight months after the limitations period expired on August 2, 2005.

Nevertheless, Petitioner may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy, 240 F.3d at 244; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).[3] The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary

---

[3] Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S. Ct. 473 (2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. See id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.[4]

Clearly, it appears that Petitioner either disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run, on August 3, 2004, before he filed his state PCR petition on April 24, 2006. However, miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if Petitioner was ignorant of the fact that the limitations period began to run on August 3, 2004, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. See Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  See Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) ("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

Based on the foregoing, Petitioner's habeas petition is untimely filed.  Petitioner's year-long limitations period began to run on August 3, 2004, when his conviction became final, and expired one-year later on August 2, 2005.  During that one-year period, Petitioner did not properly file any state post-conviction relief petitions that would statutorily toll the limitations period.  In fact, Petitioner's state PCR petition was not filed until April 24, 2006, well after the limitations period had expired.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling which are not set forth in Petitioner's submissions, and might wish to raise these grounds to show timeliness of his Petition.  See Day, 547 U.S. at 210 (before acting on timeliness of petition on its own initiative, court must accord Petitioner fair notice and an opportunity to present his position); Tozer v. Powers, Docket No. 08-2432(RMB) order

dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008). This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely. This Court will dismiss the case at this time without prejudice, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## C.  **Certificate of Appealability**

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

13

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.  For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  The Court will deny the Petition as untimely, without prejudice, and will retain jurisdiction for thirty (30) days in which Petitioner may file a written statement setting forth a detailed basis in fact for equitable tolling of the statute of limitations.

An appropriate order follows.


                                    s/ Jerome B. Simandle
                                   JEROME B. SIMANDLE
                                   United States District Judge

Dated: **March 29, 2010**